# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DENNIS A. YOUNG,<br>        Appellant, | DOCKET NUMBER<br>AT-0831-18-0314-X-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>        Agency. | DATE: May 26, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis A. Young</u>, Destin, Florida, pro se.

<u>Tynika Faison Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    On March 13, 2019, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the Office of Personnel Management (OPM) in partial noncompliance with her prior initial decision issued on August 14, 2018.[3] *Young v. Office of Personnel Management*, MSPB Docket No. AT-0831-18-0314-C-1, Compliance File (CF), Tab 11, Compliance Initial Decision (CID). That decision reversed OPM's final decision recomputing the appellant's annuity based upon his failure to make a deposit for his post-1956 military service. *Young v. Office of Personnel Management*, MSPB Docket No. AT-0831-18-0314-I-2, Refiled Appeal File (RAF), Tab 16, Refiled Initial Decision (RID). For the reasons discussed below, we find OPM in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2    The administrative judge's March 13, 2019 compliance initial decision found that OPM had not properly calculated the period for which the appellant owed interest on his post-1956 service deposit. CID at 3. OPM had charged interest for the period between 1986 and 2017. *Id.* The administrative judge noted that OPM's regulations state that interest is charged to the date of deposit or commencing date of annuity, whichever is earlier. *Id.*; *see* 5 C.F.R. § 831.105(d). Because the appellant's annuity began on March 1, 2009, and his deposit was made sometime after September 18, 2018, the administrative judge found that the 2009 date is earlier, and should therefore mark the end of the interest period. CID at 3. The administrative judge therefore ordered OPM to recalculate the appellant's post-1956 deposit using the interest period from 1986

---

[3] The August 14, 2018 initial decision became the final decision of the Board after neither party filed a petition for administrative review by September 18, 2018. RID at 6.

to March 1, 2009, and to refund to the appellant all money he had paid in excess of the recalculated deposit amount.  CID at 4.

¶3      As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(b)-(c).  *Young v. Office of Personnel Management*, MSPB Docket No. AT-0831-18-0314-X-1, Compliance Referral File (CRF), Tab 1.  On April 23, 2019, the Office of the Clerk of the Board issued an acknowledgement order directing OPM to submit evidence of compliance within 15 calendar days and affording the appellant the opportunity to respond to the agency's evidence within 20 calendar days of OPM's submission.  *Id.* at 2.

¶4      On April 25, 2019, the appellant submitted a pleading in which he asserted that OPM had not contacted him or refunded him any money.  CRF, Tab 2 at 1.  OPM responded on May 21, 2019, stating that it had recalculated the interest on the appellant's deposit and that, on April 30, 2019, it had issued the appellant a refund in the amount of $1,711.46, via electronic funds transfer.  CRF, Tab 3 at 4.

¶5      The Office of the Clerk of the Board issued a second order on June 17, 2019, directing OPM to submit a detailed narrative explanation setting forth how it calculated the refund due to the appellant.  CRF, Tab 4.  OPM submitted a response on June 26, 2019, which stated that documents attached to one of its previous submissions, a December 4, 2018 Agency Motion to Dismiss, explained how the interest amount was calculated.  CRF, Tab 5; CF, Tab 9, at 12.  OPM stated that this document, titled "Military Deposit Worksheet," showed the amount of interest accrued between October 1, 2009, through October 1, 2017, and that those amounts totaled the amount it had refunded to the appellant, $1,711.46.  *Id.*  OPM further asserted that the appellant had not contested that he had received the payment.  *Id.*

¶6    Because the evidence provided by OPM addressed interest payments for the period of October 1, 2009, through October 1, 2017, but not the period between March 1, 2009, and October 1, 2009, the Board issued another order on December 4, 2019, directing OPM to provide evidence that it had calculated the amount of interest paid by the appellant between March 1 and October 1, 2009, and refunded that amount to the appellant.  CRF, Tab 6.

¶7    OPM submitted a response on March 4, 2020, reiterating that it had issued a refund to the appellant of $1,711.46 on April 30, 2019.  CRF, Tab 7 at 4.  OPM attached a copy of a letter sent to the appellant on that date, which explained that interest on a military deposit is compounded annually, and, in the appellant's case, was computed based on a final Interest Accrual Date of October 1, 2008. *Id.* at 5-6.  Because of the once-annual accrual of interest, all interest on the deposit accrued on October 1, 2009, and no additional interest would have accrued between March 1 and October 1.  *Id.* at 5.  OPM also attached copies of the military deposit worksheets showing the amount of the deposit, the correct amount, and the amount of the refund.  *Id.* at 5, 7-11.  The appellant did not submit a response, despite having been informed that failure to respond might cause the Board to find he was satisfied and dismiss the petition for enforcement. CRF, Tab 6, at 3.

¶8    We find that OPM has produced sufficient evidence to establish that it paid the appellant the appropriate amount of disability retirement benefits.  OPM supplied evidence that it recalculated the interest due on the appellant's post-1956 military deposit and refunded to him the amount of the overcharge via a direct deposit payment of $1,711.46 on April 30, 2019.  CRF, Tab 7 at 4.  OPM has explained that interest accrues on a yearly basis; therefore, the interest accrued annually on October 1, 2009, and no additional amount would have been due for the period between March 1 (the date following the appellant's separation date of February 28, 2009) and October 1, 2009.  CRF, Tab 7 at 5.

¶9		In light of OPM's evidence of compliance and the appellant's failure to respond, we find OPM in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.